## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF COLUMBIA

| | |
|---|---|
| **WORLDWIDE FILM** | ) |
| **ENTERTAINMENT, LLC,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) **CA. 1:10-cv-00038-HHK** |
| **v.** | ) **[Defendants motions to quash referred to** |
| | ) **United States Magistrate Judge Deborah A.** |
| | ) **Robinson by order of 3/25/10 and 3/29/10]** |
| | ) |
| **DOES 1 - 749** | ) |
| | )   <u>**Next Deadline: N/A**</u> |
| **Defendants.** | ) |
| | ) |

### PLAINTIFF'S OPPOSITION TO MOTIONS TO QUASH SUBPOENA

I. INTRODUCTION

Plaintiff's Motion for Leave to Take Discovery Prior to the Rule 26(f) Conference was granted by this court on January 26, 2010. Pursuant to that order, Plaintiff served various non-party Internet Service Providers ("ISPs") with subpoenas to identify the Doe Defendants.

To briefly summarize Plaintiff's motion for discovery, Plaintiff has identified certain Defendants who have unlawfully copied and distributed Plaintiff's motion picture, *"The Gray Man"* (the "Movie"), over the Internet. At this point, Plaintiff has only been able to identify the Doe Defendants by their Internet Protocol ("IP") and the date and time of alleged infringement. The only way that Plaintiff can determine Defendants' actual names is from the ISPs to which Defendants subscribe and from which Defendants obtain Internet access, as this information is readily available to the ISPs from documents they keep in the regular course of business.

In response to the subpoenas, the ISPs contacted their subscribers issued the accounts for which Plaintiff identified an infringing IP address on the date and time of alleged infringement. Pursuant to the subpoenas, and according to correspondence from the ISPs to their subscribers, production of documents was commanded on March 19, 2010. Accordingly, any motion to quash this production was required to be filed before that date to be proper.

On March 22, 2010 an anonymous Doe Defendant, simply identifying himself or herself as Comcast File # 152298, filed a purported motion to quash the subpoena served on Comcast

Cable Communications.  [Docket #6]  On March 25, 2010, another Doe Defendant, Michelo Manna, filed a purported motion to quash, but that motion does not identify what subpoena to which ISP is at issue.  [Docket #8]  On March 26, 2010, Doe Defendant Mark Paul filed a purported motion to quash the subpoena served on Comcast Cable Communications.  [Docket #9][1]

Because the purported motions to quash were not timely filed, do not comply with the court rules for such filings, and do not provide good cause for quashing the subpoenas, Plaintiff requests that the motions be denied in their entirety.

## II. ARGUMENT

### A. DEFENDANTS' MOTIONS TO QUASH ARE PROCEDURALLY DEFECTIVE.

First, Defendants' purported motions to quash were untimely.  In general, a motion to quash must be made within the time set in the subpoena for compliance.  See Advanced Portfolio Technologies, Inc. v. Stroyny, 2006 WL 3761330 (D.C.Wis. 2006) (slip op.); U.S. v. International Bus. Machs. Corp., 70 F.R.D. 700 (D.C.N.Y. 1976) (holding that motions for protective orders involving the subpoena of a document from a nonparty in a government antitrust action were untimely when filed after the return date for subpoena).  Here, Defendants did not file and serve their purported motions to quash until after the date called for production.  While the subpoenas commanded production of documents on March 19, 2010, the Defendants did not file their papers until March 22, 25, and 26, respectively.

Additionally, Defendants did not properly identify themselves on their purported motions to quash.  "The first filing by or on behalf of a party shall have in the caption the name and full residence address of the party. ... If the party is appearing *pro se*, the caption shall also include the party's telephone number."  LCvR 5.1(e)(1).  Here, nowhere in the purported motion to quash filed by Comcast File # 152298 is there a printed name, address, or telephone number.  While Defendants Manna and Paul did provide addresses, they did not provide telephone numbers.

---

[1]  On March 25, 2010, Judge Henry H. Kennedy, Jr. referred the motion to quash Doe Defendant Comcast File # 152298 to United States Magistrate Judge Deborah A. Robinson for her determination.  [Docket #7]  On March 29, 2010, Judge Henry H. Kennedy, Jr. referred Doe Defendant Manna's motion to quash, as well as any other motion to quash that may be filed in this case, to Judge for her determination.  [Docket #10]

Lastly, a motion for a protective order under Rule 26(c) "must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Here, neither moving Defendant has included such a certification or even attempted to meet and confer with counsel for Plaintiff.

### B. DEFENDANTS HAVE NOT JUSTIFIED QUASHING THE SUBPOENAS.

The purported motions to quash rely on three basic arguments – (1) the Defendants did not unlawfully download the Movie or, similarly, that Plaintiff has not sufficiently proven that they have, (2) the information requested is privileged and confidential, and (3) this court is not the proper venue.

First, the court has already determined that Plaintiff has met its threshold burden to obtain further information about the Doe Defendants by identifying the Doe Defendants with sufficient specificity and showing that Plaintiff's suit can withstand a motion to dismiss. As more fully set out in Plaintiff's Motion for Leave to Take Discovery Prior to the Rule 26(f) Conference, Plaintiff identified the unique IP address for each Defendant, along with the date and time of alleged infringement and ISP that provided Internet access to each Defendant and assigned the unique IP address to the Defendant, from information provided to it by Guardaley. This information was obtained by Guardaley's proprietary tracing software program to trace the IP address for each Defendant, as detailed in the declarations of Benjamin Perino and Patrick Achache. Accordingly, Plaintiff has made a prima facie showing that the IP addresses it has identified and subpoenaed to various ISPs did make an unlawful download of Plaintiff's Movie on a specific date and time.

Therefore, Defendants' argument that Plaintiff has not sufficiently identified them as infringers is without merit. More importantly, Defendants' arguments do not address the requirements for a motion to quash. A person served a discovery subpoena may move either for a protective order under Rule 26(c) or for an order quashing or modifying the subpoena under Rule 45(c). Rule 26(c) authorizes district courts, upon a showing of "good cause" by "a party or by the person from whom discovery is sought" to "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. Rule 45(b) provides that the court may "quash or modify the subpoena if it is unreasonable and oppressive."

The burden of persuasion in a motion to quash a subpoena is borne by the movant, and the "burden is particularly heavy to support a 'motion to quash as contrasted to some more limited protection.'" Westinghouse Electric Corp. v. City of Burlington, 351 F.2d 762, 766 (D.C.Cir. 1965) (denying a motion to quash supported by two affidavits); United States v. Int'l Bus. Mach. Corp., 83 F.R.D. 97, 104 (S.D.N.Y. 1979); Horizons Titanium Corp. v. Norton Co., 290 F.2d 421, 425 (1st Cir. 1961); see Northrop Corp. v. McDonnell Douglas Corp., 751 F.2d 395, 403-04 (D.C.Cir. 1984). The district court must balance "the relevance of the discovery sought, the requesting party's need, and the potential hardship to the party subject to the subpoena." Heat & Control, Inc. v. Hester Industries, Inc., 785 F.2d 1017, 1024, 228 USPQ 926, 931 (Fed.Cir. 1986) (citing Deitchman v. E.R. Squibb & Sons, Inc., 740 F.2d 556, 560, 564 (7th Cir.1984)).

Here, Plaintiff has already demonstrated that the information is absolutely necessary in this case so that Plaintiff can ascertain the true identities of the alleged infringing Doe Defendants and that Plaintiff can only obtain the information by issuing subpoenas to the ISPs. In contract, Defendants have not shown any annoyance, embarrassment, oppression, or any undue burden or hardship they would incur if the information is divulged to Plaintiff. Additionally, Defendants have not claimed that the subpoena is unreasonable or oppressive, because they cannot.

Second, Defendants have not provided any legal justification for why the information sought by the subpoenas is privileged or confidential.[2]  In particular, Defendants have not even addressed the breadth of law and authority provided in Plaintiff's Motion stating that Defendants have no legitimate expectation of privacy in the subscriber information they provided to the ISPs, much less in downloading and distributing copyrighted the Movie without permission.[3]

---

[2]  In fact, Defendant Manna's motion to quash divulges the very information sought by Plaintiff through the subpoenas – his name and address as an alleged infringer – thereby undermining his argument that this information is privileged.

[3]  As further detailed in Plaintiff's Motion, a person using the Internet to distribute or download copyrighted music without authorization is not entitled to have their identity protected from disclosure under the First Amendment. See Interscope Records v. Does 1-14, 558 F.Supp.2d 1176, 1178 (D. Kan. 2008); see also Guest v. Leis, 255 F.3d 325, 336 (6th Cir. 2001) ("computer users do not have a legitimate expectation of privacy in their subscriber information because they have conveyed it to another person—the system operator"); Sony Music Entertainment, Inc. v. Does 1–40, 326 F.Supp.2d 556, 566 (S.D.N.Y. 2004) ("defendants have little expectation of

Further, Defendants have failed to acknowledge that they utilized the public forum of the internet to copy and distribute Plaintiff's Movie while using their unique IP address assigned to each Defendant at the time of infringement.   These IP addresses were obtained through public information, and their users can be readily identified by the ISPs, with whom Defendants entered into a service agreements knowingly and voluntarily disclosing personal identification.

Additionally, Plaintiff is only seeking limited information sufficient to identify each Doe Defendant, and Plaintiff will only use that information in this lawsuit.   As stated in the order, "any information disclosed to Plaintiff in response ti [sic] the Rule 45 subpoenas may be used by Plaintiff solely for the purpose of protecting the Plaintiff's rights under the Copyright Act." Order at p. 2.   Therefore, Defendants are protected from any improper disclosure or use of their information.

Lastly, Defendant Paul's arguments regarding venue are misplaced and simply do not address the requirements for quashing a subpoena.   Responding to the subpoena does not create any undue burden or expense on Defendant Paul, as he is not even the one responding to the subpoena.   As Defendant Paul concedes, it would be his eventual defense of this lawsuit that would cause him undue burden.   See Paul Motion at ¶2.   However, that issue is not before the court in a motion to quash, only whether the subpoena is oppressive or creates an undue burden. The subpoena does not.

III. CONCLUSION

Overall, Defendants have not demonstrated any reason to quash the subpoenas.   As fully laid out in Plaintiff's Motion, courts have routinely allowed discovery to identify "Doe" defendants in cases almost identical to this one.   See, e.g., Metro-Goldwyn-Mayer Pictures Inc., et al. v. Does 1-10, Case No. 04-2005 (JR) (D.D.C.) (Robertson, J.); Twentieth Century Fox Film Corporation, et al. v. Does 1-9, Case No. 04-2006 (EGS) (D.D.C.) (Sullivan, E.); Lions Gate Films, Inc., et al. v. Does 1-5, Case No. 05-386 (EGS) (D.D.C.) (Sullivan, E.); UMG Recordings, et al. v. Does 1-199, Case No. 04-093 (CKK) (D.D.C.) (Kollar-Kotelly, C.); Caroline Records,

---

privacy in downloading and distributing copyrighted songs without permission"); Arista Records, LLC v. Doe No. 1, 254 F.R.D. 480, 481 (E.D.N.C. 2008); U.S. v. Hambrick, 55 F.Supp.2d 504, 508 (W.D. Va. 1999), aff'd, 225 F.3d 656 (4th Cir. 2000).

Inc., et al. v. Does 1-175, Case No. 04 2028 (D.D.C.) (Lamberth, R.); see also Warner Bros. Records, Inc. v. Does 1-6, 527 F.Supp.2d 1, 2 (D.D.C. 2007).

     On the other hand, Plaintiff has shown good cause for obtaining information related to the Doe Defendants from the non-party ISPs, especially when considering that these ISPs typically retain user activity logs containing the information sought for only a limited period of time before erasing the data.  Therefore, the court should deny Defendants' purported motions to quash and at least allow Plaintiff the opportunity to conduct discovery and obtain evidence to prove the copyright infringement and irreparable harm in this case.

          Respectfully submitted,
          WORLDWIDE FILM ENTERTAINMENT, LLC

**DATED**:  March 29, 2010

    By:    /s/ Thomas M. Dunlap
        Thomas M. Dunlap (D.C. Bar # 471319)
        David Ludwig (D.C. Bar # 975891)
        Nicholas A. Kurtz (D.C. Bar # 980091)
        DUNLAP, GRUBB & WEAVER, PLLC
        1200 G Street, NW Suite 800
        Washington, DC 20005
        Telephone: 202-316-8558
        Facsimile: 202-318-0242
        tdunlap@dglegal.com
        *Attorney for the Plaintiff*