FILED
APR - 1 2010
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF COLUMBIA

WORLDWIDE FILM
ENTERTAINMENT, LLC,

        Plaintiff,

vs.                          Civil Action No. 1:10-cv-00038-HHK

DOES 1-749

        Defendant.

## MOTION TO QUASH

COMES THOMAS SIMKO (Movant) of Forty Fort, Luzerne County, Pennsylvania, and moves to quash the Subpoena served upon Comcast Cable Communications (Comcast) in this civil action requiring them to provide certain information to the Plaintiff. As grounds for this Motion Movant shows the Court as follows:

1. Movant resides and works in Luzerne County, Pennsylvania which is substantially farther than 100 miles from Washington, D.C. If named party to this action, Movant would be required to defend himself in Washington, D.C. To require such a defense would be oppressive and create undue burden upon Movant.

2. It appears that this Subpoena is a back-handed way of avoiding filing suit in the Court where the venue of a case against Movant would properly lie. Therefore, the Subpoena violates Fed. R. Civ. P. 26(c) and 45(c)(1) and (3).

3. Movant had no knowledge of claimed "torrent" infringement until contacted by Comcast with a complaint filed by Plaintiff.

4. The information sought to be compelled by the Subpoena Duces Tecum requires disclosure of privileged information.

5. Movant was unaware that, at the time of the alleged "torrent" infringement, the connection was not secured through the Defendant's services, and the connection is now secure so as to prevent future issues.

6. Movant now wishes to vacate this cause with prejudice.

WHEREFORE, Movant prays that this Honorable Court find and Order as follows:

1. That this Motion be granted;

2. The Court enter and order quashing said Subpoena Duces Tecum.

I swear that the above and foregoing representations are true and correct to the best of my knowledge and belief.

Respectfully submitted,

_____
Thomas Simko

Movant has mailed the original Motion to the Clerk of Court, United States District Court for the District of Columbia, 333 Constitution Avenue, N.W., Washington D.C. 20001, and a copy to Comcast by fax (866-947-5587), and by regular mail to THOMAS M. DUNLAP, ESQ., 199 Liberty Street S.W., Leesburg, VA 20175, this 31st day of March, 2010.

_____
Thomas Simko



NE&TO
650 Centerton Road
Moorestown, NJ 08057
866-947-8572 Tel
866-947-5587 Fax

March 5, 2010

*Personal and Confidential*

*Via overnight carrier*

Mr. THOMAS SIMKO
123 FORT ST
FORTY FORT, PA 18704

    Re:    *Worldwide Film Entertainment, LLC v. Does 1-749*
           United States District Court for the District of Columbia
           Docket No. 1:10-cv-00038-HHK
           Complaints Filed: February 19, 2010
           Order Entered: January 26, 2010
           Comcast File #: 152524

Dear Mr. SIMKO,

    Worldwide Film Entertainment has filed several lawsuits in the United States District Court for the District of Columbia. You have been sued in one of these lawsuits for allegedly infringing Worldwide Film Entertainment copyrights on the Internet by uploading and/or downloading movies using a computer assigned the Internet Protocol address 98.235.132.96 on 10/03/2009 at 05:49:09 GMT. The Court has ordered Comcast to supply your name and address and other information to Worldwide Film Entertainment in the lawsuits referenced above as requested in the accompanying subpoena. Your case has been assigned Docket Number 1:10-cv-00038-HHK by the Court. If you have any questions about the lawsuit, you should consult an attorney immediately.

    Comcast will provide your name and address and possibly certain other information as directed in the Order unless you or your attorney file a motion to quash or vacate the subpoena <u>by no later than March 30, 2010</u>. If you make this filing, you must notify Comcast in writing with a copy of the filing by sending it by fax to 866-947-5587 <u>by no later than March 30, 2010</u>. If you do not file a motion to quash or vacate the subpoena by this date, or if you fail to notify Comcast of your filing by this date, Comcast will provide your name and address and possibly certain other information as directed in the Order.

    If you have any questions, you may contact us at (866) 947-8572.

                                  Sincerely yours,
                                  Comcast Legal Response Center

Attachments:    Copy of Court Order and accompanying Subpoena regarding civil action

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of Columbia

| WORLDWIDE FILM ENTERTAINMENT, LLC | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:10-cv-00038-HHK |
| DOES 1-749 | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Comcast Cable Communications, Attn: Colin Padget/ Legal Response Center, 650 Centerton Road Moorestown, NJ 08057, care_customer@cable.comcast.com, Fax 866-947-5587

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: In accordance with the conditions in the attached order, provide the name, current (and permanent) addresses, telephone numbers, e-mail addresses and Media Access Control addresses of all individuals whose IP addresses are listed in the attached spreadsheet (paper and CD formats). Let us know the preferred format to provide data - we will provide data in the most efficient and cost effective format.

| Place: Thomas M. Dunlap, Dunlap, Grubb & Weaver, PLLC, 199 Liberty Street S.W., Leesburg, VA 20175 Tel: 703-777-7319, Fax: 703-777-3656 | Date and Time: 03/19/2010 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: ___02/19/2010___

*CLERK OF COURT*

OR

_____  _____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* ___Plaintiff___
__WORLDWIDE FILM ENTERTAINMENT, LLC_____, who issues or requests this subpoena, are:
Thomas M. Dunlap, Dunlap, Grubb & Weaver, PLLC, 199 Liberty Street S.W., Leesburg, VA 20175,
Tel: 703-777-7319, Fax: 703-777-3656

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

Case 1:10-cv-00038-HHK   Document 5   Filed 01/26/10   Page 1 of 2

# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF COLUMBIA

| | |
|---|---|
| **WORLDWIDE FILM ENTERTAINMENT, LLC,** )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DOES 1 - 749 )<br>)<br>Defendants. )<br>_____ ) | CA. 1:10-cv-00038-HHK |

## ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO TAKE DISCOVERY PRIOR TO RULE 26(f) CONFERENCE

The Court has read all the papers filed in connection with the Plaintiff's Motion for Leave to Take Discovery Prior to the Rule 26(f) Conference ('Motion"), and considered the sworn declarations and issues raised therein, including the relevant privacy issues and the unique aspects of "torrent" infringement.

IT IS HEREBY ORDERED that the Motion for Reconsideration the Court's previous denial of entry of an Order on the Motion is granted.

IT IS FURTHER ORDERED that Plaintiff's Motion for Leave to Take Discovery Prior to the Rule 26(f) Conference is granted.

IT IS FURTHER ORDERED that the Plaintiff may serve immediate discovery any ISP identified by the same means detailed in the Declarations and Motion, or identified as providing network access or online services to one or more Doe Defendants, by an ISP upon whom a Rule 45 subpoena is served, for which an infringing download has been identified by individual IP address together with the date and time access to the torrent network by such IP address was

made for the purpose of downloading an unlawful copy of the Plaintiff's film "The Gray Man" (the "Motion Picture"). Such Rule 45 subpoena shall seek information sufficient to identify each Doe Defendant, including his or her name, address, telephone number, e-mail address, and Media Access Control Address.

IT IS FURTHER ORDERED THA any information disclosed to Plaintiff in response ti the Rule 45 subpoenas may be used by Plaintiff solely for the purpose of protecting the Plaintiff's rights under the Copyright Act.

Dated: January 26, 2010

*/s/ Henry Kennedy, Jr.*
Hon. Henry H. Kennedy, Jr.
United States District Judge