**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

| | |
|---|---|
| **WORLDWIDE FILM** | ) |
| **ENTERTAINMENT, LLC,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) **CA. 1:10-cv-00038-HHK-DAR** |
| **v.** | ) **[Defendants' motions to quash referred to** |
| | ) **United States Magistrate Judge Deborah A.** |
| | ) **Robinson (***See* **Doc. Nos. 7, 10, 13, 17)]** |
| | ) |
| **DOES 1 - 749** | ) |
| | ) <u>**Next Deadline: N/A**</u> |
| **Defendants.** | ) |
| _____ | ) |

<u>**PLAINTIFF'S OPPOSITION TO MOTIONS (DOC. NOS. 14, 15, and 16) TO QUASH**</u>

<u>**SUBPOENA**</u>

I. INTRODUCTION

Plaintiff's Motion for Leave to Take Discovery Prior to the Rule 26(f) Conference was granted by this court on January 26, 2010. Pursuant to that order, Plaintiff served various non-party Internet Service Providers ("ISPs") with subpoenas to identify the Doe Defendants.

To briefly summarize Plaintiff's motion for discovery, Plaintiff has identified certain Defendants who have unlawfully copied and distributed Plaintiff's motion picture, *"The Gray Man"* (the "Movie"), over the Internet. At this point, Plaintiff has only been able to identify the Doe Defendants by their Internet Protocol ("IP") and the date and time of alleged infringement. The only way that Plaintiff can determine Defendants' actual names is from the ISPs to which Defendants subscribe and from which Defendants obtain Internet access, as this information is readily available to the ISPs from documents they keep in the regular course of business.

In response to the subpoenas, the ISPs contacted their subscribers for which Plaintiff identified an infringing IP address on the date and time of alleged infringement. Pursuant to the

subpoenas, and according to correspondence from the ISPs to their subscribers, production of documents was commanded on March 19, 2010.  Accordingly, any motion to quash this production was required to be filed before that date to be proper.

On March 22, 2010 an anonymous Doe Defendant, simply identifying himself or herself as Comcast File # 152298, filed a purported motion to quash the subpoena served on Comcast Cable Communications.  [Document Number 6]  On March 25, 2010, another Doe Defendant, Michelo Manna, filed a purported motion to quash, but that motion does not identify what subpoena to which ISP is at issue.  [Doc. No. 8]  On March 26, 2010, Doe Defendant Mark Paul filed a purported motion to quash the subpoena served on Comcast Cable Communications. [Docket #9][1]  On March 29, 2010, Plaintiff filed an opposition to the Comcast File # 152298, Michelo Manna, and Mark Paul motions to quash.  [Doc. No. 11]

On March 31, 2010, a Doe Defendant named Joy L. R. filed a motion to quash/vacate, but that motion does not identify what subpoena to which ISP is at issue.  [Doc. No. 14]  On April 1, 2010, Doe Defendant Thomas Simko filed a motion to quash the subpoena served on Comcast Cable Communications. [Doc. No. 16]  On April 2, 2010, Doe Defendant Gwen Woodson filed a motion to quash the subpoena served on Comcast Cable Communications. [Doc. No. 15]

On April 19, 2010, Honorable Magistrate Judge Robinson issued a paperless Minute Order (no Doc. No.), stating that "Plaintiff shall file his opposition or other response to the Motion to Quash/Vacate the Subpoena (Document No. 14), Motion to Quash or Vacate the

---

[1]  On March 25, 2010, Judge Henry H. Kennedy, Jr. referred the motion to quash Doe Defendant Comcast File # 152298 to United States Magistrate Judge Deborah A. Robinson for her determination.  [Docket #7]  On March 29, 2010, Judge Henry H. Kennedy, Jr. referred Doe Defendant Manna's motion to quash, as well as any other motion to quash that may be filed in this case, to Judge Robinson for her determination.  [Docket #10]

Subpoena (Document No. 15) and Motion to Quash (Document No. 16) by no later than Thursday, April 22, 2010."

Pursuant to Judge Robinson's Minute Order of April 19, 2010, Plaintiff files this opposition to the motions to quash, Doc. Nos. 14, 15, and 16.  Because the purported motions to quash were not timely filed, do not comply with the court rules for such filings, and do not provide good cause for quashing the subpoenas, Plaintiff requests that the motions be denied in their entirety.


II. ARGUMENT

A. DEFENDANTS' MOTIONS TO QUASH ARE PROCEDURALLY DEFECTIVE.

First, Defendants' purported motions to quash were untimely.  In general, a motion to quash must be made within the time set in the subpoena for compliance.  See Advanced Portfolio Technologies, Inc. v. Stroyny, 2006 WL 3761330 (D.C.Wis. 2006) (slip op.); U.S. v. International Bus. Machs. Corp., 70 F.R.D. 700 (D.C.N.Y. 1976) (holding that motions for protective orders involving the subpoena of a document from a nonparty in a government antitrust action were untimely when filed after the return date for subpoena).  Here, Defendants did not file and serve their purported motions to quash until after the date called for production. While the subpoenas commanded production of documents on March 19, 2010, the Defendants did not file their papers until March 31, April 1, and April 2, respectively.

Additionally, Defendants did not properly identify themselves on their purported motions to quash.  "The first filing by or on behalf of a party shall have in the caption the name and full residence address of the party. ... If the party is appearing *pro se*, the caption shall also include the party's telephone number."  LCvR 5.1(e)(1).  Here, nowhere in the purported motion to

quash filed by Joy L. R. is there a printed name, address, or telephone number, although the court does have an address for this Doe Defendant.[2]  Further, Defendants Simko and Woodson did not provide any contact information within their motions and nowhere provided telephone numbers, even though their addresses can be ascertained from other documents they filed with the court.

Lastly, a motion for a protective order under Rule 26(c) "must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action."  Here, none of the moving Defendants have included such a certification or even attempted to meet and confer with counsel for Plaintiff.


B. DEFENDANTS HAVE NOT JUSTIFIED QUASHING THE SUBPOENAS.

The purported motions to quash rely on two basic arguments – (1) the Defendants did not unlawfully download the Movie or, similarly, Defendants did not know the Movie was being downloaded using their IP address because their networks were not secure, and (2) the information requested is privileged and confidential.

1.  PLAINTIFF HAS ALREADY SHOWN GOOD CAUSE TO OBTAIN DISCOVERY AND HAS MADE A PRIMA FACIE SHOWING THAT DEFENDANTS DID INFRINGE PLAINTIFF'S COPYRIGHTS.

A person served a discovery subpoena may move either for a protective order under Rule 26(c) or for an order quashing or modifying the subpoena under Rule 45(c)(3).  Rule 26(c) authorizes district courts, upon a showing of "good cause" by "a party or by the person from whom discovery is sought" to "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Rule 45(c)(3)

---

[2] Also note that the motion to quash filed by Joy L. R. was apparently filed in the County Court for Denver County, Colorado but somehow was eventually filed in this court.

provides that the court may quash or modify the subpoena if it requires disclosure of privileged or other protected matter, if no exception or waiver applies, or if it subjects a person to undue burden.

The burden of persuasion in a motion to quash a subpoena is borne by the movant, and the "burden is particularly heavy to support a 'motion to quash as contrasted to some more limited protection.'" Westinghouse Electric Corp. v. City of Burlington, 351 F.2d 762, 766 (D.C.Cir. 1965) (denying a motion to quash supported by two affidavits); United States v. Int'l Bus. Mach. Corp., 83 F.R.D. 97, 104 (S.D.N.Y. 1979); Horizons Titanium Corp. v. Norton Co., 290 F.2d 421, 425 (1st Cir. 1961); see Northrop Corp. v. McDonnell Douglas Corp., 751 F.2d 395, 403-04 (D.C.Cir. 1984).  The district court must balance "the relevance of the discovery sought, the requesting party's need, and the potential hardship to the party subject to the subpoena." Heat & Control, Inc. v. Hester Industries, Inc., 785 F.2d 1017, 1024, 228 USPQ 926, 931 (Fed.Cir. 1986) (citing Deitchman v. E.R. Squibb & Sons, Inc., 740 F.2d 556, 560, 564 (7th Cir. 1984)).

Additionally, on a motion to quash a subpoena, the merits of a defendant's defenses are not at issue.  See Fonovisa, Inc. v. Does 1-9, 2008 WL 919701, *8 (W.D.Pa.) (stating that "[i]f Doe # 3 believes that it has been improperly identified by the ISP, Doe # 3 may raise, at the appropriate time, any and all defenses, and may seek discovery in support of its defenses").

Here, the court has already determined that Plaintiff has met its threshold burden to obtain further information about the Doe Defendants by identifying the Doe Defendants with sufficient specificity and showing that Plaintiff's suit can withstand a motion to dismiss.  As more fully set out in Plaintiff's Motion for Leave to Take Discovery Prior to the Rule 26(f) Conference [Doc. No. 3], Plaintiff identified the unique IP address for each Defendant, along

with the date and time of alleged infringement and ISP that provided Internet access to each

Defendant and assigned the unique IP address to the Defendant, from information provided to it

by Guardaley.  This information was obtained by Guardaley's proprietary tracing software

program to trace the IP address for each Defendant, as detailed in the declarations of Benjamin

Perino and Patrick Achache.  However, Plaintiff is unable to obtain the true identity of the Doe

Defendants without issuing subpoenas to the non-party ISPs, and the Defendants must be

identified before this suit can progress further.  Therefore, Plaintiff has already demonstrated

good cause for the requested information.

Further, Plaintiff has made a prima facie evidentiary showing that the IP addresses it has

identified and subpoenaed to various ISPs did make an unlawful download of Plaintiff's Movie

on a specific date and time.  Again, Plaintiff utilized proprietary technology developed and

instituted by Guardaley that detects the unauthorized distribution of movies and other

audiovisual content and files over online media distribution systems.  *See* Achache Declaration

(filed as Exhibit B to Plaintiff's Motion for Leave to Take Discovery [Doc. No. 3]) ¶ 4.

Accordingly, Defendants' IP addresses at the time of the alleged infringement were included in

this case because they were offering files corresponding to Plaintiff's Movie for unlawful

transfer or distribution.  *See id.* at ¶ 8.  In fact, Guardaley actually downloaded Plaintiff's Movie

from the IP address assigned to these Defendants, just as it does with all Doe Defendants.  *See id.*

at ¶ 9.  Lastly, Guardaley confirmed that the files that Defendants distributed were actually

Plaintiff's Movie by watching both and comparing them.  *Id.* at ¶¶ 16-17.

All of these Defendants argue that the subpoenas should be quashed because they did not

know that Plaintiffs' Movie was being uploaded/downloaded using their IP address or that a

virus or lack of security caused Plaintiffs' Movie to be uploaded/downloaded using their IP

address.  Specifically, Defendant Joy L. R. argues that her "computer was infected with a virus

that was is [sic] responsible for any and all acts of infringement of a copyrighted work."  Motion

at first sentence (Doc. No. 14).  Defendant Woodson argues that she "had no knowledge"

Plaintiff's Movie was uploaded/downloaded using her computer and that her computer is now

"under control and is now being monitored."  Motion at ¶¶ 1-2 (Doc. No. 15).  While not

denying that Plaintiff's Movie was downloaded using his IP address, Defendant Simko argues

that he "was unaware that, at the time of the alleged 'torrent' infringement, the connection was

not secured through the Defendant's services…."  Motion at ¶ 5 (Doc. No. 16).

However, Defendants' arguments are misplaced and do not address the requirements for

a motion to quash.  Again, the merits of Defendants' defenses are not at issue at this stage of the

case.  The court only considers the relevance of the discovery sought, the requesting party's

need, and the potential hardship to the party subject to the subpoena.

Here, Plaintiff has already demonstrated that the information is absolutely necessary in

this case so that Plaintiff can ascertain the true identities of the alleged infringing Doe

Defendants and that Plaintiff can only obtain the information by issuing subpoenas to the ISPs.

In fact, the very purpose for Plaintiff requesting this initial discovery was so that Plaintiff could

eventually determine the liability of each Doe Defendant.  Only once Plaintiff has the identities

of the Doe Defendants, and is able to take further discovery, can the parties argue over the merits

of the case.

In contrast, Defendants have not shown any annoyance, embarrassment, oppression, or

any undue burden or hardship they would incur if the information is divulged to Plaintiff.

Additionally, Defendants have not claimed that the subpoenas are unreasonable or oppressive,

because they cannot.  Lastly, Defendants have not shown why quashing the subpoenas is

necessary when other, more limited methods are available to address any concerns.

Defendants Simko and Woodson do argue that an undue hardship or burden would be

placed on them if they had to defend this lawsuit.  *See* Simko Motion at ¶ 1 [Doc. No. 16];

Woodson Motion at ¶ 3 [Doc. No. 15].  However, these arguments are misplaced.[3]  Defendants

have not shown how responding to the subpoenas will in any way create any burden on them, the

proper analysis for a motion to quash.  In fact, Defendants do not have to do anything to respond

to the subpoenas, as the subpoenas were served on and must be responded to by the non-party

ISPs.  Therefore, the subpoenas are proper, and Defendants have not shown any burden on them

that would justify quashing the subpoenas.[4]

## 2.   DEFENDANTS HAVE NOT SHOWN HOW THE INFORMATION REQUESTED IS PRIVILEGED OR CONFIDENTIAL.

Defendant Simko argues that the "information sought to be compelled by the Subpoena

Duces Tecum requires disclosure of privileged information."  Simko Motion at ¶ 4 [Doc. No.

16].[5]  However, Defendants have not provided any legal justification for why the information

---

[3]  Defendant Simko also argues that venue is improper.  *See* Simko Motion at ¶ 2[Doc. No. 16].
However, as with his undue burden argument, this argument is misplaced.  An issue regarding
venue is not before the court in a motion to quash, only whether the subpoena is oppressive or
creates an undue burden.  The subpoena does not.

[4]  In a case almost identical to this case, this court denied a motion to quash by a doe defendant
wherein the court held that the subpoena complied with the Federal Rules of Civil Procedure
whether under a good cause standard or prima facie showing of copyright infringement.  Arista
Records LLC v. Does 1-19, 551 F. Supp. 2d 1, 7 (D.D.C. Apr. 28, 2008) (Kollar-Kotelly, J.).

[5]  Defendants Joy L. R. and Woodson do not even raise the argument that the subpoenas seek
privileged or confidential information.

sought by the subpoenas is privileged or confidential.  Defendants have not even addressed the breadth of law and authority provided in Plaintiff's Motion for Leave to Take Discovery, stating that Defendants have no legitimate expectation of privacy in the subscriber information they provided to the ISPs, much less in downloading and distributing the copyrighted Movie without permission.[6]

Further, Defendants have failed to acknowledge that they utilized the public forum of the internet to copy and distribute Plaintiff's Movie while using their unique IP address assigned to each Defendant at the time of infringement.  These IP addresses were obtained through public information, and their users can be readily identified by the ISPs, with whom Defendants entered into service agreements knowingly and voluntarily disclosing personal identification.  In fact, Defendants' motions divulge the very information sought by Plaintiff through the subpoenas – Defendants' name and address as an alleged infringer – thereby undermining their argument that this information is privileged.  Had Defendants truly deemed this information to be privileged, they could have provided it to the court and requested it be sealed.

Additionally, Plaintiff is only seeking limited information sufficient to identify each Doe Defendant, and Plaintiff will only use that information in this lawsuit.  As stated in the order,

---

[6] As further detailed in Plaintiff's Motion [Doc No. 3], a person using the Internet to distribute or download copyrighted music without authorization is not entitled to have their identity protected from disclosure under the First Amendment. *See* Interscope Records v. Does 1-14, 558 F.Supp.2d 1176, 1178 (D. Kan. 2008); *see also* Arista Records LLC v. Does 1-19, 551 F. Supp. 2d 1, 8-9 (D.D.C. Apr. 28, 2008) (Kollar-Kotelly, J.) (finding that the "speech" at issue was that doe defendant's alleged infringement of copyrights and that "courts have routinely held that a defendant's First Amendment privacy interests are exceedingly small where the 'speech' is the alleged infringement of copyrights"); Guest v. Leis, 255 F.3d 325, 336 (6th Cir. 2001) ("computer users do not have a legitimate expectation of privacy in their subscriber information because they have conveyed it to another person—the system operator"); Sony Music Entertainment, Inc. v. Does 1–40, 326 F.Supp.2d 556, 566 (S.D.N.Y. 2004) ("defendants have little expectation of privacy in downloading and distributing copyrighted songs without permission"); Arista Records, LLC v. Doe No. 1, 254 F.R.D. 480, 481 (E.D.N.C. 2008); U.S. v. Hambrick, 55 F.Supp.2d 504, 508 (W.D. Va. 1999), aff'd, 225 F.3d 656 (4th Cir. 2000).

"any information disclosed to Plaintiff in response ti [sic] the Rule 45 subpoenas may be used by

Plaintiff solely for the purpose of protecting the Plaintiff's rights under the Copyright Act."

Order of 1/26/10 at p. 2 [Doc. No. 5].  Therefore, Defendants are protected from any improper

disclosure or use of their information.


III. CONCLUSION

        Overall, Defendants have not demonstrated any reason to quash the subpoenas.  As fully

laid out in Plaintiff's Motion for Leave to Take Discovery, which was granted by the court,

courts have routinely allowed discovery to identify "Doe" defendants in cases almost identical to

this one.  See, e.g., Metro-Goldwyn-Mayer Pictures Inc., et al. v. Does 1-10, Case No. 04-2005

(JR) (D.D.C.) (Robertson, J.); Twentieth Century Fox Film Corporation, et al. v. Does 1-9, Case

No. 04-2006 (EGS) (D.D.C.) (Sullivan, E.); Lions Gate Films, Inc., et al. v. Does 1-5, Case No.

05-386 (EGS) (D.D.C.) (Sullivan, E.); UMG Recordings, et al. v. Does 1-199, Case No. 04-093

(CKK) (D.D.C.) (Kollar-Kotelly, C.); Caroline Records, Inc., et al. v. Does 1-175, Case No. 04

2028 (D.D.C.) (Lamberth, R.); see also Warner Bros. Records, Inc. v. Does 1-6, 527 F.Supp.2d

1, 2 (D.D.C. 2007).

        On the other hand, Plaintiff has shown good cause for obtaining information related to

the Doe Defendants from the non-party ISPs, especially when considering that these ISPs

typically retain user activity logs containing the information sought for only a limited period of

time before erasing the data.  Therefore, the court should deny Defendants' purported motions to

quash and at least allow Plaintiff the opportunity to conduct discovery and obtain evidence to

prove the copyright infringement and irreparable harm in this case.

Respectfully submitted,
WORLDWIDE FILM ENTERTAINMENT, LLC

**DATED**: April 21, 2010

By:    /s/ Thomas M. Dunlap
        Thomas M. Dunlap (D.C. Bar # 471319)
        Nicholas A. Kurtz (D.C. Bar # 980091)
        DUNLAP, GRUBB & WEAVER, PLLC
        1200 G Street, NW Suite 800
        Washington, DC 20005
        Telephone: 202-316-8558
        Facsimile: 202-318-0242
        tdunlap@dglegal.com
        nkurtz@dglegal.com
        *Attorney for the Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 21, 2010, a true and correct copy of the foregoing PLAINTIFF'S OPPOSITION TO MOTIONS (DOC. NOS. 14, 15, and 16) TO QUASH SUBPOENA was sent via first-class mail to the following:

JOY L. R.
4401 West Alaska Place
Denver, CO 80219

GWEN WOODSON
5001 Plaza Dr.
Fort Wayen, IN 46806

THOMAS SIMKO
123 Fort St.
Forty Fort, PA 18704


/s/ Nick Kurtz
Nicholas A. Kurtz