UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WORLDWIDE FILM ENTERTAINMENT, LLC,<br><br>              Plaintiff,<br><br>  v.<br><br>DOES 1-749,<br><br>              Defendants. | Civil Action No. 10-0038<br>HHK/DAR |

**MEMORANDUM OPINION AND ORDER**

Pending for determination by the undersigned is the Motion to Quash Subpoena filed by "Comcast File #: 1552298" ("Motion to Quash Subpoena") (Document No. 6). Upon consideration of the motion, Plaintiff's Opposition to Motions to Quash Subpoena ("Plaintiff's Opposition") (Document No. 11) and the entire record herein, said motion will be denied.

**BACKGROUND**

On January 8, 2010, Plaintiff brought this action for damages and injunctive relief for alleged copyright infringement. Complaint (Document No. 1), ¶ 1. Plaintiff states that it is a creator and distributor of motion pictures, including "The Gray Man[.]" *Id.*, ¶ 6. Plaintiff alleges that 749 unidentified defendants, "[t]he true names of [which] are unknown to Plaintiff at this time[,]" infringed its exclusive rights under copyright law by "copying and distributing to others over the Internet unauthorized copies of [said] motion picture[.]" *Id.*, ¶¶ 6, 8, 12. Plaintiff

Worldwide Film Entertainment, LLC v. Does 1-749                                                                         2

submits that each defendant is now known to Plaintiff  "only by the Internet Protocol ("IP") address assigned to that Defendant by his or her Internet Service Provider ["ISP"] on the date and at the time at which the infringing activity of each Defendant was observed." *Id.,* ¶ 8. Plaintiff states that "information obtained in discovery will lead to the identification of each Defendant's true name and permit the Plaintiff to amend this Complaint to state the same." *Id.*

On January 17, 2010, Plaintiff filed a Motion for Leave to Take Discovery Prior to the Rule 26(f) Conference (Document No. 3). By said motion, Plaintiff sought leave of the court to serve discovery through the issuance of subpoenas pursuant to Federal Rule of Civil Procedure 45 on the ISPs which provided internet access to each defendant in order to determine the defendants' identities. *See* Plaintiff's Memorandum of Points and Authorities in Support of Motion for Leave to Take Discovery Prior to Rule 26(f) Conference (Document No. 3) at 6-7. On January 26, 2010, the court granted the motion, and provided, *inter alia*, that Plaintiff "may [immediately] serve [a Rule 45 subpoena] [on] any ISP identified by the same means detailed in the Declarations and Motion, or identified as providing network access or online services to one or more Doe Defendants," for "information sufficient to identify each Doe Defendant[.]" *See* Order (Document No. 5) at 1-2.

Six of the individuals or entities whose identifying information was sought by subpoena served upon an ISP have filed a motion in this civil action to quash the subpoena.[1] The first such motion was filed by an individual or entity which identifies himself, herself or itself as "Defendant Comcast File #: 152298[.]" By said motion, the movant seeks to quash the subpoena served on Comcast Cable Communications for the movant's name, address, e-mail address and

---

[1] A seventh motion was filed in Miscellaneous Action No. 10-0171.

Media Access Control Address.  Motion to Quash Subpoena at 1.

Movant offers four grounds in support of the motion: (1) Plaintiff has not "sufficiently identified . . . Comcast File #: 1332298" as "the person or persons responsible for the alleged infringement"; (2) movant has not had "exclusive use, possession or control" of the IP address identified; (3) movant did not engage in the alleged infringing activity, and (4) the information requested is "confidential information provided to [Comcast] for the exclusive [purpose] of obtaining Comcast's cable services."  Motion to Quash Subpoena at 1.

Plaintiff, in its opposition, submits that the motion to quash is "procedurally defective[,]" and that the movant has not provided justification for the relief requested.  Plaintiff's Opposition at 2-5.

**DISCUSSION**

Rule 45(c)(3)(A) of the Federal Rules of Civil Procedure provides, in pertinent part, that on timely motion, the court must quash or modify a subpoena that "(i) fails to allow reasonable time to comply; . . . (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden."  Fed. R. Civ. P. 45(c)(3)(A)(i), (ii), (iii).  Additionally, Rule 45(c)(3)(B) provides, in pertinent part, that a court may quash or modify a subpoena "if it requires . . . disclosing a trade secret or other confidential research, development, or commercial information[.]"  Fed. R. Civ. P. 45(c)(3)(B)(i).[2]

---

[2] Comcast has not moved to quash or modify the subpoena, or otherwise object to it.  The undersigned assumes, for the purposes of this motion, that the individual or entity whose subscriber information was the subject of the subpoena has standing to move to quash it.  *Cf. Covad Communications Co. v. Revonet, Inc.*, No. 09-MC-102, 2009 WL 3739278, at *3 (D.S.D. Nov. 4, 2009) (while "[o]rdinarily a party does not have standing to object to a subpoena served on a non-party, . . . a party does have standing to object to a subpoena served upon a non-party which requires the production of privileged information.") (citation omitted).

The undersigned finds that movant has failed to demonstrate that the subpoena served upon Comcast must be quashed or modified in accordance with Rule 45(c)(3)(A), or that the court should exercise its discretion to do so in accordance with Rule 45(c)(3)(B). The first three of the four grounds offered by movant comprise movant's denial of the alleged infringement. Motion to Quash Subpoena at 1. However, as this court has previously determined, such "factual and technical arguments . . . are unrelated to any appropriate inquiry associated with a motion to quash." *Arista Records LLC v. Does 1-19*, 551 F. Supp. 2d 1, 8 (D.D.C. April 28, 2008); *see also Fonovisa, Inc. v. Does 1-19*, No. 07-1515, 2008 WL 919701, at *8 (W.D.Pa. April 3, 2008) (holding that if the individual or entity whose identifying information was sought by a subpoena served on an ISP "believes that it has been improperly identified by the ISP, [the individual or entity] may raise, at the appropriate time, any and all defenses, and may seek discovery in support of its defenses.").

In the fourth ground offered by movant in support of the motion, movant maintains that the "information requested is confidential information[.]" Motion to Quash Subpoena at 1. However, courts have previously held that subscribers do not have a claim of confidentiality in their subscriber information. *Guest v. Leis*, 255 F.3d 325, 335-336 (6th Cir. 2001) ("computer users do not have a legitimate expectation of privacy in their subscriber information because they have conveyed it to another person-the system operator[]") (citations omitted); *see also United States v. Kennedy*, 81 F. Supp. 2d 1103, 1100 (D.Kan. 2000) (a defendant cannot claim a "privacy interest in his subscriber information" where he has "entered into an agreement with . . . [an] Internet service . . . [provider]"); *United States v. Hambrick*, No. 99-4793, 2000 WL 1062039, at *4 (4th Cir. Aug. 3, 2000) ("a person does not have an interest in account

Worldwide Film Entertainment, LLC v. Does 1-749                                                                      4

The undersigned finds that movant has failed to demonstrate that the subpoena served upon Comcast must be quashed or modified in accordance with Rule 45(c)(3)(A), or that the court should exercise its discretion to do so in accordance with Rule 45(c)(3)(B). The first three of the four grounds offered by movant comprise movant's denial of the alleged infringement. Motion to Quash Subpoena at 1. However, as this court has previously determined, such "factual and technical arguments . . . are unrelated to any appropriate inquiry associated with a motion to quash." *Arista Records LLC v. Does 1-19*, 551 F. Supp. 2d 1, 8 (D.D.C. April 28, 2008); *see also Fonovisa, Inc. v. Does 1-19*, No. 07-1515, 2008 WL 919701, at *8 (W.D.Pa. April 3, 2008) (holding that if the individual or entity whose identifying information was sought by a subpoena served on an ISP "believes that it has been improperly identified by the ISP, [the individual or entity] may raise, at the appropriate time, any and all defenses, and may seek discovery in support of its defenses.").

In the fourth ground offered by movant in support of the motion, movant maintains that the "information requested is confidential information[.]" Motion to Quash Subpoena at 1. However, courts have previously held that subscribers do not have a claim of confidentiality in their subscriber information. *Guest v. Leis*, 255 F.3d 325, 335-336 (6th Cir. 2001) ("computer users do not have a legitimate expectation of privacy in their subscriber information because they have conveyed it to another person-the system operator[]") (citations omitted); *see also United States v. Kennedy*, 81 F. Supp. 2d 1103, 1100 (D.Kan. 2000) (a defendant cannot claim a "privacy interest in his subscriber information" where he has "entered into an agreement with . . . [an] Internet service . . . [provider]"); *United States v. Hambrick*, No. 99-4793, 2000 WL 1062039, at *4 (4th Cir. Aug. 3, 2000) ("a person does not have an interest in account

Worldwide Film Entertainment, LLC v. Does 1-749                                                                5

information given to the ISP in order to establish an email-account . . .") (citations omitted).[3]

**CONCLUSION**

For all of the foregoing reasons, the undersigned finds that "Comcast File #: 1552298" has failed to establish a basis to quash the subpoena under Rule 45.  Accordingly, it is, this 13th day of May, 2010,

**ORDERED** that the Motion to Quash Subpoena filed by Comcast File #: 1552298 (Document No. 6) is hereby **DENIED**.

                                                                                          /s/
                                                                              DEBORAH A. ROBINSON
                                                                              United States Magistrate Judge

---

[3] Plaintiff does not suggest that the requested information involves a trade secret, or any confidential research, development or commercial material.  *See* Fed. R. Civ. P. 45(c)(3)(B)(i)