UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

WORLDWIDE FILM
ENTERTAINMENT, LLC,

              Plaintiff,

   v.

DOES 1-749,

              Defendants.

Civil Action No. 10-0038
HHK/DAR

## MEMORANDUM OPINION AND ORDER

Pending for determination by the undersigned is the Motion to Quash filed by Michelo Manna ("Motion to Quash") (Document No. 8).  Upon consideration of the motion, Plaintiff's Opposition to Motions to Quash Subpoena ("Plaintiff's Opposition") (Document No. 11) and the entire record herein, said motion will be denied.

## BACKGROUND

On January 8, 2010, Plaintiff brought this action for damages and injunctive relief for alleged copyright infringement.  Complaint (Document No. 1), ¶ 1.  Plaintiff states that it is a creator and distributor of motion pictures, including "The Gray Man[.]"  *Id*., ¶ 6.  Plaintiff alleges that 749 unidentified defendants, "[t]he true names of [which] are unknown to Plaintiff at this time[,]" infringed its exclusive rights under copyright law by "copying and distributing to others over the Internet unauthorized copies of [said] motion picture[.]"  *Id.*, ¶¶ 6, 8, 12.  Plaintiff

Worldwide Film Entertainment, LLC v. Does 1-749                                         2

submits that each defendant is now known to Plaintiff "only by the Internet Protocol ("IP")

address assigned to that Defendant by his or her Internet Service Provider ["ISP"] on the date and

at the time at which the infringing activity of each Defendant was observed." *Id.,* ¶ 8.  Plaintiff

states that "information obtained in discovery will lead to the identification of each Defendant's

true name and permit the Plaintiff to amend this Complaint to state the same." *Id.*

On January 17, 2010, Plaintiff filed a Motion for Leave to Take Discovery Prior to the

Rule 26(f) Conference (Document No. 3).  By said motion, Plaintiff sought leave of the court to

serve discovery through the issuance of subpoenas pursuant to Federal Rule of Civil Procedure

45 on the ISPs which provided internet access to each defendant in order to determine the

defendants' identities.  *See* Plaintiff's Memorandum of Points and Authorities in Support of

Motion for Leave to Take Discovery Prior to Rule 26(f) Conference (Document No. 3) at 6-7.

On January 26, 2010, the court granted the motion, and provided, *inter alia*, that Plaintiff "may

[immediately] serve [a Rule 45 subpoena] [on] any ISP identified by the same means detailed in

the Declarations and Motion, or identified as providing network access or online services to one

or more Doe Defendants," for "information sufficient to identify each Doe Defendant[.]"  *See*

Order (Document No. 5) at 1-2.

Six of the individuals or entities whose identifying information was sought by subpoena

served upon an ISP have filed a motion in this civil action to quash the subpoena.[1]  The second

such motion was filed by an individual who identifies himself as Michelo Manna.  By said

motion, the movant seeks to quash the subpoena served on Comcast Cable Communications for

the movant's name, address, e-mail address and Media Access Control Address.  Motion to

---

[1]   A seventh motion was filed in Miscellaneous Action No. 10-0171.

Quash Subpoena at 1.

Movant offers five grounds in support of the motion: (1) movant had "[no] knowledge of the claimed . . . infringement until contacted by his [internet service] provider"; (2) the information sought by the subpoena "requires disclosure of privileged information"; (3) movant has "confirmed with the Defendants . . . that the file mentioned is not currently available through any system that is in his control"; (4) "at the time of the alleged . . . infringement" the movant was "[un]aware that the connection was not secured[,]" and (5) said connection is "now secure[.]"  Motion to Quash at 1-2.

Plaintiff, in its opposition, submits that the motion to quash is "procedurally defective[,]" and that the movant has not provided justification for the relief requested.  Plaintiff's Opposition at 2-5.  Plaintiff notes that the movant's motion "divulges the very information sought by Plaintiff through the subpoenas – his name and address[.]"  *Id.* at 4 n.2.


**DISCUSSION**

Rule 45(c)(3)(A) of the Federal Rules of Civil Procedure provides, in pertinent part, that on timely motion, the court must quash or modify a subpoena that "(i) fails to allow reasonable time to comply; . . . (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden."  Fed. R. Civ. P. 45(c)(3)(A)(i), (ii), (iii).  Additionally, Rule 45(c)(3)(B) provides, in pertinent part, that a court may quash or modify a subpoena "if it requires . . . disclosing a trade secret or other confidential

research, development, or commercial information[.]"  Fed. R. Civ. P. 45(c)(3)(B)(i).[2]

The undersigned finds that movant has failed to demonstrate that the subpoena served

upon Comcast must be quashed or modified in accordance with Rule 45(c)(3)(A), or that the

court should exercise its discretion to do so in accordance with Rule 45(c)(3)(B).  With the

exception of the second ground, the movant's grounds compromise denial of the alleged

infringement.  Motion to Quash at 1-2.  However, as this court has previously determined, such

"factual and technical arguments . . . are unrelated to any appropriate inquiry associated with a

motion to quash."  *Arista Records LLC v. Does 1-19*, 551 F. Supp. 2d 1, 8 (D.D.C. April 28,

2008); *see also Fonovisa, Inc. v. Does 1-19*, No. 07-1515, 2008 WL 919701, at *8 (W.D.Pa.

April 3, 2008) (holding that if the individual or entity whose identifying information was sought

by a subpoena served on an ISP "believes that it has been improperly identified by the ISP, [the

individual or entity] may raise, at the appropriate time, any and all defenses, and may seek

discovery in support of its defenses.").

In the second ground offered by movant in support of the motion, movant maintains that

the "information sought . . . requires disclosure of privileged information."  Motion to Quash 1.

However, courts have previously held that subscribers do not have a claim of confidentiality in

their subscriber information.  *Guest v. Leis*, 255 F.3d 325, 335-336 (6th Cir. 2001) ("computer

users do not have a legitimate expectation of privacy in their subscriber information because they

have conveyed it to another person-the system operator[]") (citations omitted); *see also United*

---

[2]  Comcast has not moved to quash or modify the subpoena, or otherwise object to it.  The undersigned assumes, for the purposes of this motion, that the individual or entity whose subscriber information was the subject of the subpoena has standing to move to quash it.  *Cf. Covad Communications Co. v. Revonet, Inc.*, No. 09-MC-102, 2009 WL 3739278, at *3 (D.S.D. Nov. 4, 2009) (while "[o]rdinarily a party does not have standing to object to a subpoena served on a non-party, . . . a party does have standing to object to a subpoena served upon a non-party which requires the production of privileged information.") (citation omitted).

Worldwide Film Entertainment, LLC v. Does 1-749                                    5

*States v. Kennedy*, 81 F. Supp. 2d 1103, 1100 (D.Kan. 2000) (a defendant cannot claim a

"privacy interest in his subscriber information" where he has "entered into an agreement with . . .

[an] Internet service . . . [provider]"); *United States v. Hambrick*, No. 99-4793, 2000 WL

1062039, at *4 (4th Cir. Aug. 3, 2000) ("a person does not have an interest in account

information given to the ISP in order to establish an email-account . . .") (citations omitted).[3]


**CONCLUSION**

      For all of the foregoing reasons, the undersigned finds that Michelo Manna

has failed to establish a basis to quash the subpoena under Rule 45.  Accordingly, it is, this 13th

day of May, 2010,

      **ORDERED** that the Motion to Quash (Document No. 8) is hereby **DENIED**.

_____/s/_____
DEBORAH A. ROBINSON
United States Magistrate Judge

---

[3] Plaintiff does not suggest that the requested information involves a trade secret, or any confidential research, development or commercial material.  *See* Fed. R. Civ. P. 45(c)(3)(B)(i)