UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WORLDWIDE FILM ENTERTAINMENT, LLC, <br><br> Plaintiff, <br><br> v. <br><br> DOES 1-749, <br><br> Defendants. | Civil Action No. 10-0038 <br> HHK/DAR |

**MEMORANDUM OPINION AND ORDER**

Pending for determination by the undersigned is the Motion to Quash filed by Mark Paul ("Motion to Quash") (Document No. 9). Upon consideration of the motion, Plaintiff's Opposition to Motions to Quash Subpoena ("Plaintiff's Opposition") (Document No. 11) and the entire record herein, said motion will be denied.

**BACKGROUND**

On January 8, 2010, Plaintiff brought this action for damages and injunctive relief for alleged copyright infringement. Complaint (Document No. 1), ¶ 1. Plaintiff states that it is a creator and distributor of motion pictures, including "The Gray Man[.]" *Id*., ¶ 6. Plaintiff alleges that 749 unidentified defendants, "[t]he true names of [which] are unknown to Plaintiff at this time[,]" infringed its exclusive rights under copyright law by "copying and distributing to others over the Internet unauthorized copies of [said] motion picture[.]" *Id.*, ¶¶ 6, 8, 12. Plaintiff submits that each defendant is now known to Plaintiff "only by the Internet Protocol ("IP") address

Worldwide Film Entertainment, LLC v. Does 1-749                                                                 2

assigned to that Defendant by his or her Internet Service Provider ["ISP"] on the date and at the time at which the infringing activity of each Defendant was observed." *Id.*, ¶ 8. Plaintiff states that "information obtained in discovery will lead to the identification of each Defendant's true name and permit the Plaintiff to amend this Complaint to state the same." *Id*.

On January 17, 2010, Plaintiff filed a Motion for Leave to Take Discovery Prior to the Rule 26(f) Conference (Document No. 3). By said motion, Plaintiff sought leave of the court to serve discovery through the issuance of subpoenas pursuant to Federal Rule of Civil Procedure 45 on the ISPs which provided internet access to each defendant in order to determine the defendants' identities. *See* Plaintiff's Memorandum of Points and Authorities in Support of Motion for Leave to Take Discovery Prior to Rule 26(f) Conference (Document No. 3) at 6-7. On January 26, 2010, the court granted the motion, and provided, *inter alia*, that Plaintiff "may [immediately] serve [a Rule 45 subpoena] [on] any ISP identified by the same means detailed in the Declarations and Motion, or identified as providing network access or online services to one or more Doe Defendants," for "information sufficient to identify each Doe Defendant[.]" *See* Order (Document No. 5) at 1-2.

Six of the individuals or entities whose identifying information was sought by subpoena served upon an ISP have filed a motion in this civil action to quash the subpoena.[1] The third such motion was filed by an individual who identifies himself as Mark Paul. By said motion, the movant seeks to quash the subpoena served on Comcast Cable Communications for certain of the movant's identifying information. Motion to Quash at 1. Movant states that he resides in Lee County, Florida. *Id*. In support of his motion, movant submits that its his understanding that if the subpoenaed information is provided, then "I will be made a named party to this action and required

---

[1] A seventh motion was filed in Miscellaneous Action No. 10-0171.

Worldwide Film Entertainment, LLC v. Does 1-749                                                                                              3

to defend myself in Washington, D.C., a place well over 100 miles from home[,]" and that "[t]o require such a defense would be oppressive and create an undue burden upon me." *Id.* Movant further submits that the subpoena which is the subject of his motion "is a back-handed way of avoiding filing suit in the Court where the venue of a case against me would properly lie, in my case the United States District Court for the Middle District of Florida, . . . or the Small Claims Division of the County Court of Lee County, Florida[.]" *Id.* at 1-2.

Plaintiff, in its opposition, submits that the motion to quash is "procedurally defective[,]" and that the movant has not provided justification for the relief requested. Plaintiff's Opposition at 2-5. Plaintiff maintains that movant's arguments regarding venue "are misplaced and simply do not address the requirements for quashing a subpoena[]"; Plaintiff further maintains that in any event, movant is not subject to undue burden or expense, "as he is not even the one responding to the subpoena." *Id.* at 5.

**DISCUSSION**

Rule 45(c)(3)(A) of the Federal Rules of Civil Procedure provides, in pertinent part, that on timely motion, the court must quash or modify a subpoena that "(i) fails to allow reasonable time to comply; . . . (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A)(i), (ii), (iii). Additionally, Rule 45(c)(3)(B) provides, in pertinent part, that a court may quash or modify a subpoena "if it requires . . . disclosing a trade secret or other confidential research, development, or commercial information[.]" Fed. R. Civ. P. 45(c)(3)(B)(i).[2]

---

[2] Comcast has not moved to quash or modify the subpoena, or otherwise object to it. The undersigned assumes, for the purposes of this motion, that the individual or entity whose subscriber information was the subject of the subpoena has standing to move to quash it. *Cf. Covad Communications Co. v. Revonet, Inc.*, No. 09-MC-102, 2009 WL 3739278, at *3 (D.S.D. Nov. 4, 2009) (while "[o]rdinarily a party does not have standing to object to a subpoena served on a non-party, . . . a party does have

Worldwide Film Entertainment, LLC v. Does 1-749                                                                                              4

The undersigned finds that movant has failed to demonstrate that the subpoena served upon Comcast must be quashed or modified in accordance with Rule 45(c)(3)(A), or that the court should exercise its discretion to do so in accordance with Rule 45(c)(3)(B).  First, the undersigned finds that movant cannot demonstrate that compliance with the subpoena which is the subject of world the motion subject him to *any* burden: the subpoena was served not on movant, but on Comcast.  *See* Motion at 1 (regarding movant's belief that he will be named a party to the instant action "[i]f . . . *Comcast* is required to provide the information stated in the [s]ubpoena[.]" (emphasis supplied).

Second, the undersigned finds that movant's concerns with respect to venue cannot be evaluated in the context of his motion to quash the subpoena served upon Comcast.  This court has observed that "factual and technical arguments . . . are unrelated to any appropriate inquiry associated with a motion to quash."  *Arista Records LLC v. Does 1-19*, 551 F. Supp. 2d 1, 8 (D.D.C. April 28, 2008); *see also Fonovisa, Inc. v. Does 1-19*, No. 07-1515, 2008 WL 919701, at *8 (W.D.Pa. April 3, 2008) (holding that if the individual or entity whose identifying information was sought by a subpoena served on an ISP "believes that it has been improperly identified by the ISP, [the individual or entity] may raise, at the appropriate time, any and all defenses, and may seek discovery in support of its defenses.").

**CONCLUSION**

For all of the foregoing reasons, the undersigned finds that movant has failed to establish a basis upon which to quash the subpoena consistent with Rule 45 of the Federal Rules of

---

standing to object to a subpoena served upon a non-party which requires the production of privileged information.") (citation omitted).

Worldwide Film Entertainment, LLC v. Does 1-749                                                        5

Civil Procedure.  Accordingly, it is, this 17th day of May, 2010,

**ORDERED** that the Motion to Quash filed by Mark Paul (Document No. 9) is hereby **DENIED**.

_____/s/_____
DEBORAH A. ROBINSON
United States Magistrate Judge