UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WORLDWIDE FILM<br>ENTERTAINMENT, LLC,<br><br>               Plaintiff,<br><br>   v.<br><br>DOES 1-749,<br><br>               Defendants. | Civil Action No. 10-0038<br>HHK/DAR |

**MEMORANDUM OPINION AND ORDER**

Pending for determination by the undersigned is the Motion to Quash or Vacate the Subpoena filed by Gwen Woodson ("Motion to Quash") (Document No. 15). Upon consideration of the motion, Plaintiff's Opposition to Motions (Doc. Nos. 14, 15, and 16) to Quash Subpoena ("Plaintiff's Opposition") (Document No. 18) and the entire record herein, said motion will be denied.

**BACKGROUND**

On January 8, 2010, Plaintiff brought this action for damages and injunctive relief for alleged copyright infringement. Complaint (Document No. 1), ¶ 1. Plaintiff states that it is a creator and distributor of motion pictures, including "The Gray Man[.]" *Id*., ¶ 6. Plaintiff alleges that 749 unidentified defendants, "[t]he true names of [which] are unknown to Plaintiff at this time[,]" infringed its exclusive rights under copyright law by "copying and distributing to others over the Internet unauthorized copies of [said] motion picture[.]" *Id.*, ¶¶ 6, 8, 12. Plaintiff submits

Worldwide Film Entertainment, LLC v. Does 1-749                                                    2

that each defendant is now known to Plaintiff  "only by the Internet Protocol ("IP") address

assigned to that Defendant by his or her Internet Service Provider ["ISP"] on the date and at the

time at which the infringing activity of each Defendant was observed."  *Id., ¶ 8*.  Plaintiff states

that "information obtained in discovery will lead to the identification of each Defendant's true

name and permit the Plaintiff to amend this Complaint to state the same."  *Id.*

On January 17, 2010, Plaintiff filed a Motion for Leave to Take Discovery Prior to the Rule

26(f) Conference (Document No. 3).  By said motion, Plaintiff sought leave of the court to serve

discovery through the issuance of subpoenas pursuant to Federal Rule of Civil Procedure 45 on the

ISPs which provided internet access to each defendant in order to determine the defendants'

identities.  *See* Plaintiff's Memorandum of Points and Authorities in Support of Motion for Leave

to Take Discovery Prior to Rule 26(f) Conference (Document No. 3) at 6-7.  On January 26, 2010,

the court granted the motion, and provided, *inter alia*, that Plaintiff "may [immediately] serve [a

Rule 45 subpoena] [on] any ISP identified by the same means detailed in the Declarations and

Motion, or identified as providing network access or online services to one or more Doe

Defendants," for "information sufficient to identify each Doe Defendant[.]"  *See* Order (Document

No. 5) at 1-2.

Six of the individuals or entities whose identifying information was sought by subpoena

served upon an ISP have filed a motion in this civil action to quash the subpoena.[1]  The fifth such

motion was filed by an individual who identifies herself as Gwen Woodson.  By said motion, the

movant seeks to quash the subpoena served on Comcast Cable Communications for certain of the

movant's identifying information.  Motion to Quash at 1.  In support of her motion, movant denies

---

[1]   A seventh motion was filed in Miscellaneous Action No. 10-0171.

Worldwide Film Entertainment, LLC v. Does 1-749                                                    3

knowledge of the alleged infringement, and states that "his or her computer [is now] under control

and is now being monitored, so if this is what [has] been [happening] it will not happen again[.]"

*Id.*  Movant further submits that "[t]his is a very strong hardship for me, all of this being over . . .

100 miles away, and me not having any knowledge of this at all."  *Id.*

Plaintiff, in its opposition, submits that the motion to quash is "procedurally defective[,]"

and that the movant has not provided justification for the relief requested.  Plaintiff'S Opposition at

3-10.


**DISCUSSION**

Rule 45(c)(3)(A) of the Federal Rules of Civil Procedure provides, in pertinent part, that on

timely motion, the court must quash or modify a subpoena that "(i) fails to allow reasonable time to

comply; . . . (iii) requires disclosure of privileged or other protected matter, if no exception or

waiver applies; or (iv) subjects a person to undue burden."  Fed. R. Civ. P. 45(c)(3)(A)(i), (ii), (iii).

 Additionally, Rule 45(c)(3)(B) provides, in pertinent part, that a court may quash or modify a

subpoena "if it requires . . . disclosing a trade secret or other confidential research, development, or

commercial information[.]"  Fed. R. Civ. P. 45(c)(3)(B)(i).[2]

The undersigned finds that movant has failed to demonstrate that the subpoena served upon

Comcast must be quashed or modified in accordance with Rule 45(c)(3)(A), or that the court

should exercise its discretion to do so in accordance with Rule 45(c)(3)(B); while movant

characterizes the subpoena as "a very strong hardship for me," she has not demonstrated that

---

[2] Comcast has not moved to quash or modify the subpoena, or otherwise object to it.  The undersigned assumes, for the purposes of this motion, that the individual or entity whose subscriber information was the subject of the subpoena has standing to move to quash it.  *Cf. Covad Communications Co. v. Revonet, Inc.*, No. 09-MC-102, 2009 WL 3739278, at *3 (D.S.D. Nov. 4, 2009) (while "[o]rdinarily a party does not have standing to object to a subpoena served on a non-party, . . . a party does have standing to object to a subpoena served upon a non-party which requires the production of privileged information.") (citation omitted).

Worldwide Film Entertainment, LLC v. Does 1-749                                                         4

compliance with the subpoena imposes any burden on her at all; as Plaintiff aptly observes,

"[movant] [does] not have to do anything to respond to the [subpoena], as the [subpoena] [was]

served on and must be responded to by the non-party [ISP]."  Plaintiff's Opposition at 8.

Movant's denial of knowledge of the alleged infringement cannot be evaluated in the

context of the motion to quash the subpoena served upon Comcast.  This court has observed that

"factual and technical arguments . . . are unrelated to any appropriate inquiry associated with a

motion to quash."  *Arista Records LLC v. Does 1-19*, 551 F. Supp. 2d 1, 8 (D.D.C. April 28,

2008); *see also Fonovisa, Inc. v. Does 1-19*, No. 07-1515, 2008 WL 919701, at *8 (W.D.Pa.

April 3, 2008) (holding that if the individual or entity whose identifying information was sought

by a subpoena served on an ISP "believes that it has been improperly identified by the ISP, [the

individual or entity] may raise, at the appropriate time, any and all defenses, and may seek

discovery in support of its defenses.").

**CONCLUSION**

For all of the foregoing reasons, the undersigned finds that movant has failed to

establish a basis upon which to quash the subpoena consistent with Rule 45 of the Federal Rules

of Civil Procedure.  Accordingly, it is, this 19th day of May, 2010,

**ORDERED** that the Motion to Quash filed by Gwen Woodson (Document No. 15) is

hereby **DENIED**.

_____/s/_____
DEBORAH A. ROBINSON
United States Magistrate Judge